# In the United States Court of Federal Claims

No. 23-1471C
(Filed: August 1, 2024)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL A. ROBINSON, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Michael A. Robinson is a former member of the United States Army, now incarcerated at the United States Disciplinary Barracks in Fort Leavenworth. Proceeding *pro se* and *in forma pauperis*, he requests that this Court (1) grant him retrospective and prospective disability retirement pay, (2) amend his military records, and (3) grant him litigation fees and all "further relief to which he may be justly entitled." Compl. at 17 (ECF 1).

The government has moved to dismiss the case.[1] But the motion presents potentially complex jurisdictional issues,[2] and resolving them may benefit from participation of counsel on Mr. Robinson's behalf. Defendant's motion to dismiss is therefore **DENIED** without prejudice. The Court **STAYS** the case for 90 days for potential referral to pro bono representation. If Mr. Robinson wishes to be referred for pro bono representation, he is **ORDERED** to file his written consent.

---

[1] Def.'s Mot. to Dismiss (ECF 8) ("Def.'s Mot."); Pl.'s Response to Def.'s Mot. to Dismiss (ECF 16) ("Pl.'s Resp."); Def.'s Reply in Support of its Mot. to Dismiss (ECF 21) ("Def.'s Reply").

[2] The government has also moved to dismiss for failure to state a claim under RCFC 12(b)(6). Def.'s Mot. at 8. I cannot reach those issues without first finding that this Court has jurisdiction. *Herrmann v. United States*, 124 Fed. Cl. 56, 67 n.18 (2015); *Adera v. United States*, 155 Fed. Cl. 553, 557 (2021), *aff'd*, No. 2022-1074, 2023 WL 3768645 (Fed. Cir. June 2, 2023); *Blackfeet Hous. v. United States*, 106 Fed. Cl. 142, 148 (2012), *aff'd*, 521 F. App'x 925 (Fed. Cir. 2013). I therefore do not reach the government's RCFC 12(b)(6) arguments.

## BACKGROUND

An Army Physical Evaluation Board found Mr. Robinson "physically unfit" and recommended him for disability retirement on November 11, 2017. Compl., Ex. A at 2. Mr. Robinson concurred with the Board's determination, and on December 26 he was issued disability retirement orders effective as of March 20, 2018. Compl., Ex. B at 1–2.

Two days later, the Army revoked Robinson's retirement orders. Compl., Ex. C at 1. A court martial then convicted Mr. Robinson of nine specifications of rape and sexual assault and one specification of obstruction of justice. Compl. ¶ 33; *United States v. Robinson*, 2020 WL 7872617, at *1 n.2 (Army Ct. Crim. App. 2020). Mr. Robinson was sentenced to 30 years confinement, a dishonorable discharge, and reduction to the grade of E-1. *Id.* Because any court martial sentence of greater than six months results in a forfeiture of all pay due, as a result Mr. Robinson lost his disability retirement benefits. Compl. ¶ 53; *Robinson*, 2020 WL 7872617 at *8; 10 U.S.C. § 858b.

In February 2023, Mr. Robinson filed a petition for habeas corpus. Petition for Grant of Review under 28 U.S.C. § 2241 (ECF 1), *Robinson v. Payne*, No. 5:23-cv-3038-JWL (D. Kan. 2023) ("Pl.'s Habeas Corpus Claim"). That petition — which was voluntarily dismissed in March 2024, *see* Order Dismissing Pl.'s Habeas Corpus Claim (ECF 15), *Robinson v. Payne*, No. 5:23-cv-3038-JWL (D. Kan. 2023) — alleged that the court martial conviction was invalid because the jury's verdict was nonunanimous. Pl.'s Habeas Corpus Claim at 1, 3.

In August 2023, while the habeas corpus proceeding was pending, Mr. Robinson filed this lawsuit. *See* Compl. Here, Mr. Robinson argues that his retirement orders divested the court martial of jurisdiction, entitling him to correction of his military records and restoration of retirement pay. Compl. ¶¶ 1, 43–55.

## ANALYSIS

The government moved to dismiss under RCFC 12(b)(1) based on the 28 U.S.C. § 1500 jurisdictional bar. A separate jurisdictional issue — unaddressed by the government — is whether Mr. Robinson exhausted his remedies before suing in this Court. Neither of those issues is straightforward.

First, Section 1500 removes this Court's jurisdiction over "any claim for or in respect to which the plaintiff … has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500. That statute requires dismissal of cases in this Court when the same plaintiff is also pursuing an earlier-filed suit "based on

substantially the same operative facts." *Resource Investments, Inc. v. United States*, 785 F.3d 660, 669 (Fed. Cir. 2015); *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011). The government argues that Mr. Robinson's complaint and his habeas petition rest on the same operative facts because they both involve the validity of his court martial conviction. Def.'s Mot. at 6–8; Def.'s Reply at 1–3. But although that is certainly a *common* issue for the two proceedings, Mr. Robinson's claim for disability retirement in this Court is based on the existence and legal effect of pre–court-martial retirement orders. Compl. ¶¶ 3–4, 11, 14. This case thus involves at least some facts and legal issues that are irrelevant to the habeas petition. The government may ultimately be right that the Section 1500 jurisdictional bar applies, but its authorities do not plainly resolve the question.

Second, claims for military disability retirement are subject to an administrative exhaustion requirement. Such claims do not accrue — and this Court lacks jurisdiction over them — until the first "statutorily authorized board" rejects them or refuses to hear them. *Chambers v. United States*, 417 F.3d 1218, 1224–25 (Fed. Cir. 2005). The record does not show that Mr. Robinson brought the claims in his complaint to a statutorily authorized board after his court martial. But the Physical Evaluation Board that recommended disability retirement was a statutorily authorized board, 10 U.S.C. § 1214a; 10 U.S.C. § 1222; Army Reg. 635-40; *Patterson v. United States*, 154 Fed. Cl. 120, 125 (2021); *Strahler v. United States*, 158 Fed. Cl. 584, 591 n.8 (2022), *appeal dismissed*, No. 2022-1700, 2022 WL 2168069 (Fed. Cir. 2022); *see also Jones v. United States*, 30 F.4th 1094, 1102–03 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 566 (2023), and it is not clear whether any other board could have granted Mr. Robinson relief after his court martial. Whether Mr. Robinson has exhausted his remedies is therefore unsettled.

The best course is to deny the motion to dismiss without prejudice in order to give Mr. Robinson the opportunity to retain counsel.

## **CONCLUSION**

Defendant's motion to dismiss is **DENIED** without prejudice. Mr. Robinson's motion for leave to file a sur-reply, received by the Court on July 1, 2024, shall be **FILED BY MY LEAVE**. The motion is hereby **DENIED AS MOOT**. Mr. Robinson's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**.

Future proceedings in this case may benefit from participation of counsel on Mr. Robinson's behalf. The Court of Federal Claims Bar Association maintains a program for referral of consenting plaintiffs to pro bono representation. Mr. Robinson is **ORDERED** to file a notice no later than **October 30, 2024** indicating whether he consents to such referral. If Mr. Robinson provides consent, this Court will refer the

case to the Bar Association. The Court emphasizes that all decisions concerning representation, if any, will be by mutual agreement between Mr. Robinson and an attorney. The Court makes no guarantee that the Bar Association will be successful in identifying possible counsel, and the Court does not endorse representation by any individual attorney. No attorney is obligated to represent Mr. Robinson, and Mr. Robinson is not obligated to engage any particular attorney.

This case is **STAYED** until **October 30, 2024**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge