# In the United States Court of Federal Claims

No. 23-1471C
(Filed: November 19, 2025)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MICHAEL A. ROBINSON, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Michael A. Robinson, proceeding *pro se*, alleges that he has been wrongfully deprived of U.S. Army retirement pay. Am. Compl. (ECF 36). The government has moved for dismissal under RCFC 12(b)(1) or, in the alternative, under RCFC 12(b)(6). Def.'s 2d Mot. to Dismiss (ECF 42) ("Def.'s Mot."). The motion has been fully briefed and is ripe for my review.[1]

Because Plaintiff filed his complaint when he had another suit arising from the same operative facts pending in federal district court, this Court lacks jurisdiction. *See* 28 U.S.C. § 1500. Accordingly, the motion to dismiss is **GRANTED**. Plaintiff's motion for leave to file a sur-reply (ECF 57) is **GRANTED**.

## BACKGROUND

I take the following facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff served on active duty with the Army for twenty-two years. Am. Compl. at 14. In November 2017, a Physical Evaluation Board ("PEB") found him physically unfit for service and recommended him for medical retirement. *Id.* at 18, 22. Following the PEB's determination, Plaintiff was issued retirement orders with an effective date of March 20, 2018. *Id.* at 22.

Two days after the retirement orders were issued, they were revoked. *Id.* at 24. Plaintiff was then tried and convicted by court-martial of violating Articles 120b, 125, and 134 of the Uniform Code of Military Justice. *Id.* at 14–15; *United States v.*

---

[1] Pl.'s Opp. (ECF 48); Def.'s Reply (ECF 51).

*Robinson*, No. ARMY 20190231, 2020 WL 7872617, at *1 n.2 (A. Ct. Crim. App. Dec. 30, 2020). Plaintiff was sentenced to thirty years of confinement, dishonorably discharged, and transferred to military custody at Fort Leavenworth. Am. Compl. at 16.

In February 2023, Plaintiff filed a petition for writ of habeas corpus in the U.S. District Court for the District of Kansas. The petition alleged that his court-martial conviction was invalid because the jury's verdict was nonunanimous. Def.'s Mot., Ex. A at 3 (Plaintiff's habeas petition).[2]

Six months later, while the petition was still pending, Plaintiff filed his original complaint in this Court. Compl. (ECF 1). Plaintiff's pleadings assert that once the PEB found him unfit for service, he had a right to disability retirement that the Army could not withdraw — meaning that the Army's revocation of his retirement orders and his subsequent court-martial and dishonorable discharge unlawfully deprived him of retirement pay. *Id.* at 1, 12, 17; Am. Compl. at 1, 12, 17.

Plaintiff moved to amend his habeas petition to add a similar argument, *i.e.*, that the Army unlawfully revoked his retirement orders and lacked authority to court-martial him. Def.'s Mot., Ex. C; Mot. to Am., *Robinson v. Payne*, No. 5:23-cv-3038 (ECF 11). But although the district court granted leave to amend, Plaintiff instead moved to dismiss his habeas petition. *See* Def.'s Mot., Ex. D at 1. The district court granted dismissal on March 15, 2024. *See id.*, Ex. E at 2.

The government moved to dismiss Plaintiff's complaint in this Court based on the Section 1500 jurisdictional bar. *See* Def.'s Mot. to Dismiss (ECF 8). I denied the motion without prejudice, stayed the case, and referred Plaintiff to the Court of Federal Claims Bar for possible pro bono representation. *Robinson v. United States*, No. 23-1471C, 2024 WL 3633898, at *2 (Fed. Cl. Aug. 1, 2024); *see also* Order (ECF 38) (referring a second time after revisions to the Bar's pro bono program). Plaintiff did not obtain counsel, and I lifted the stay. *See* Order (ECF 39); *see also* Order (ECF 41) (noting that "even though the stay of the proceedings in this case has been lifted, Plaintiff is free to retain counsel if he wishes to do so"). The government then renewed its motion to dismiss.

## DISCUSSION

"Congress has the constitutional authority to define the jurisdiction of the lower federal courts, and, once the lines are drawn, 'limits upon federal jurisdiction

---

[2] In resolving a motion to dismiss, the Court may properly consider matters of public record, including pleadings and documents attached to the motion. *See Copar Pumice Co. v. United States*, 112 Fed. Cl. 515, 521 (2013); *Terry v. United States*, 103 Fed. Cl. 645, 652 (2012). The Court therefore takes judicial notice of the public records attached as exhibits to Defendant's motion.

… must be neither disregarded nor evaded.'" *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)) (citation omitted). That is especially important in this Court, which is not only a creation of Congress, but which exercises jurisdiction pursuant to waivers of sovereign immunity. *See Barnard v. United States*, 620 F. App'x 961, 962 (Fed. Cir. 2015); *Liberty Mut. Ins. Co. v. United States*, 70 Fed. Cl. 37, 41 (2006); *Mark Smith Const. Co. v. United States*, 10 Cl. Ct. 540, 545 (1986); 28 U.S.C. § 1491. Among other limits Congress has placed on this Court, "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500.

"To determine whether § 1500 applies, a court must make two inquiries: (1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163–64 (Fed. Cir. 2011) (itself citing *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011))); *see also Winnemucca Indian Colony v. United States*, ___ F.4th ___, No. 2024-1108, 2025 WL 2933946, at *8 (Fed. Cir. Oct. 16, 2025).

The first element is not in serious dispute. Plaintiff's habeas petition was pending from February 2023 to March 2024. Plaintiff filed here during that interval, in August 2023. Def.'s Mot., Exs. A, E; Pl.'s Opp. at 3. Plaintiff contends that dismissal of his petition cured the jurisdictional defect in this Court, Pl.'s Opp. at 3, but that argument is foreclosed by precedent. Section 1500's jurisdictional bar is assessed at the time a complaint is filed in this Court, and is unaffected by later dismissal of the parallel case. *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364–65 (Fed. Cir. 2012); *Davis v. United States*, 30 Fed. Cl. 201, 202–03 (1993).

That leaves only the question whether the petition and this case are "for or in respect to" the same claims. 28 U.S.C. § 1500; *see Winnemucca Indian Colony*, 2025 WL 2933946, at *8 ("Since the [district court] action was filed first and remained pending when this suit was filed, only the second inquiry is in dispute in this appeal."). "Two suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono O'Odham Nation*, 563 U.S. at 317. "Operative facts" are those that give rise to both suits and are "critical to plaintiffs' claims in both actions." *Cent. Pines Land Co.*, 697 F.3d at 1364–65. If the operative facts are "substantially the same," it does not matter if the requested relief

is different, *Tohono O'Odham Nation*, 563 U.S. at 317, or if "the two actions were based on different legal theories," *Keene Corp.*, 508 U.S. at 212; *see also Trusted Integration, Inc.*, 659 F.3d at 1164.

The operative-facts test requires this Court to compare the factual allegations in the earlier- and later-filed suits. *See Winnemucca Indian Colony*, 2025 WL 2933946, at *9; *Trusted Integration, Inc.*, 659 F.3d. at 1165; *Chavez v. United States*, No. 2024-1205, 2024 WL 5103362, at *2–3 (Fed. Cir. Dec. 13, 2024). Here, the habeas petition and this action both arise from the same factual history — the PEB's fitness determination, the issuance and revocation of Plaintiff's retirement orders, and the subsequent court-martial and dishonorable discharge — and in both cases, Plaintiff claims that he was deprived of his rights by an allegedly invalid court-martial conviction. Def.'s Mot., Ex. A at 2, 14; Am. Compl. at 12. "These overlapping facts 'are not mere background facts; they are critical to [Plaintiff's] claims in both actions.'" *Winnemucca Indian Colony*, 2025 WL 2933946, at *9 (quoting *Cent. Pines Land Co.*, 697 F.3d at 1365) (alteration modified). This case is therefore "for or in respect to" the same claim as the habeas petition. *See* 28 U.S.C. § 1500.

The differences between the two cases do not affect their fundamental similarity. Plaintiff's two cases may each involve facts that are irrelevant to the other. *Winnemucca Indian Colony*, 2025 WL 2933946, at *9. But they share an essential core: at a bare minimum, Plaintiff's court-martial conviction. *Id.* Plaintiff's petition and complaint present different *arguments* for why the court-martial conviction was defective. Here, he claims the court-martial lacked jurisdiction because of his retirement orders, Am. Compl. at 15–16; Def.'s Mot. at 7, while in district court he objected to the nonunanimous jury, Def.'s Mot., Ex. A at 3–4. But again, once cases are linked by their key facts, differences in legal theories are irrelevant to the Section 1500 analysis. *Keene Corp.*, 508 U.S. at 212; *see also Trusted Integration, Inc.*, 659 F.3d at 1164. The two cases also seek different relief: Here, he asks for disability retirement, Am. Compl. at 17, while in district court he asked for his freedom, Def.'s Mot., Ex. A at 14. But differences in the requested relief do not matter either. *Tohono O'Odham Nation*, 563 U.S. at 317.

The Federal Circuit recently addressed a very similar fact pattern in *Chavez v. United States*, 2024 WL 5103362. In that case, as here, the plaintiff lost his disability retirement after a court-martial conviction. *See id.* at *1. The plaintiff filed a habeas petition, then filed a complaint in this Court. *Id.* The government moved to dismiss the complaint based on Section 1500. *Id.* In particular, the government argued that the plaintiff had "asked two separate courts to review the same matter — the legitimacy of his court-martial." *Id.* at *3 (quoting the government's brief). According to the government, the "'only difference between the two cases is the

- 4 -

specific consequences he sought to reverse': in his habeas petition, a reversal of his incarceration; and in his Claims Court Complaint, a reversal of 'the administrative consequences of his court martial[.]'" *Id.* (alteration omitted). The court of appeals agreed, holding that the differences between the two cases went solely to the nature of the requested relief. *Id.* at *3–4.

This case is substantively indistinguishable from *Chavez*. The only difference between the cases is that here, Plaintiff's arguments challenging the validity of his court-martial conviction differ between this case and the habeas petition. But that is irrelevant to the Section 1500 analysis, as we have already seen. *Keene Corp.*, 508 U.S. at 212; *see also Trusted Integration, Inc.*, 659 F.3d at 1164.

Because Plaintiff had another suit pending at the time of filing, and because both suits are "for or in respect to" the same claim within the meaning of Section 1500, this Court lacks jurisdiction. I do not reach the government's argument that the case should be dismissed under RCFC 12(b)(6) for failure to state a claim.

## CONCLUSION

Defendant's Second Motion to Dismiss (ECF 42) is **GRANTED**. Plaintiff's motion for leave to file a sur-reply (ECF 57) is **GRANTED**. The case is dismissed, without prejudice, for lack of jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
